IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAD DIVERSIFIED REIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE FOR NRZ PASS-THROUGH TRUST XVI-B AND FCI LENDER SERVICES, INC., <br><br> Defendants. | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

Defendant, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE FOR NRZ PASS-THROUGH TRUST XVI-B files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(b) and 1446, in the action commenced against it in the 295th District Court of Harris County, Texas, styled *RAD Diversified REIT, Inc. v. U.S. Bank National Association, Not In Its Individual Capacity But As Trustee For NRZ Pass-Through Trust XVI-B and FCI Lender Services, Inc.*; Cause No. 2025-07204 ("State Court Lawsuit"). In support of this removal, Defendant shows the Court as follows:

### PROCEDURAL HISTORY

1. Plaintiff RAD Diversified REIT, Inc. ("Plaintiff") filed the State Court Lawsuit on February 3, 2025, in the 295th Judicial District Court, Harris County, Texas. Plaintiff's Original Petition seeks to enjoin the foreclosure of the property located at 2319 Potomac Dr., Houston, TX 77057, Harris County, Texas (the "Property"). The Property secures, through a Deed of Trust (the

1

"Deed of Trust"), payment of a Promissory Note in the original principal amount of $525,955.00 (the "Note").

2. Defendant U.S. Bank sought to foreclose on the Property by conducting a properly noticed substitute trustee sale on February 4, 2025 pursuant to the Deed of Trust as a result of Plaintiff's default under the Note. Plaintiff's Original Petition challenges Defendant's ability to conduct a substitute trustee sale on the Property and asserts causes of action for declaratory judgment, unfair business practices and breach of contract under Texas law. Plaintiff's Original Petition seeks declaratory and injunctive relief to enjoin Defendant from conducting a substitute trustee sale to sell the Property. Plaintiff's Original Petition also seeks monetary damages including actual damages and attorney's fees.

3. Neither Defendant has been served with the Original Petition as of the date of filing this Notice of Removal. Defendant U.S. Bank became aware of the filing on or about February 3, 2025.

## DIVERSITY JURISDICTION

4. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### *Diversity of Citizenship*

5. Plaintiff is a Maryland corporation which, upon information and belief, maintains it principal place of business in Florida. *See* Original Petition, ¶1. Therefore, Plaintiff is a citizen of Maryland and Florida.[1]

---

[1] Plaintiff's website indicates its corporate headquarters is located in Tampa, FL.

6. Defendant U.S. Bank is a national bank organized under the National Bank Act. For diversity jurisdiction purposes, a national bank is a citizen of the state designated as its main office in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). U.S. Bank's designated main office is in Minnesota. It is therefore a citizen of Minnesota.[2]

7. Defendant FCI Lender Services, Inc. is a California corporation with its principal place of business in California. It is therefore a citizen of California.

*Amount in Controversy Exceeds $75,000*

8. In addition to seeking "monetary relief of less than $250,000.00 and non-monetary relief," Plaintiff's Original Petition seeks declaratory and injunctive relief arising out of the Note and Deed of Trust. In actions seeking injunctive or declaratory relief, the amount in controversy is measured by the value of "the object of the litigation" and "the right to be protected or the extent of the injury to be prevented." *Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). The stated purpose of the injunctive relief sought by Plaintiff — to stop the foreclosure of the Property — establishes the property itself as the object of the litigation, and the claimed injury is the potential loss of use and ownership of the property. *Id.* So, "the value of that property represents the amount in controversy." *Farkas*, 737 F.3d at 341.

9. The Harris County Central Appraisal District values the Property at $697,489.00 for 2024. *See* Exh. A. The amount in controversy exceeds $75,000.00.

---

[2] U.S. Bank is a national bank, not a trust. To the extent that Plaintiff alleges U.S. Bank acts as a trust, for the purposes of diversity jurisdiction, U.S. Bank exercises and maintains real and substantial control over the assets of the NRZ Pass-Through Trust XVI-B (the "Trust") such that the beneficiaries of the Trust are not necessary parties hereto and their citizenship is immaterial.

**PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE**

10. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the State Court Lawsuit is pending.

11. Defendant will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Defendant will promptly file a copy of this Notice of Removal with the Clerk of the 129th Judicial District Court, Harris County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

12. While Defendant has not been served with process in the State Court Lawsuit, it is nevertheless attaching copies of all pleadings filed in the State Court Lawsuit which are publicly available via the website of the Harris County District Clerk' Office located at https://www.hcdistrictclerk.com/edocs/public/search.aspx for the Court's reference. *See* Exh. B.

13. The consent of Defendant FCI is not required because it has not been served with process nor properly joined in the State Court Lawsuit. 28 U.S.C. § 1446(b)(2)(A).

14. While Defendant has not been served with process in the State Court Lawsuit, it nevertheless asserts that this Notice of Removal is timely filed. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (proper service of process under state law required to trigger defendant's removal obligations).

WHEREFORE, Defendant U.S. Bank National Association, Not In Its Individual Capacity But As Trustee For NRZ Pass-Through Trust XVI-B, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes the case styled *RAD Diversified REIT, Inc. v. U.S. Bank National Association, Not In Its Individual Capacity But As Trustee For NRZ Pass-Through Trust XVI-B and FCI Lender Services, Inc.*; Cause No. 2025-07204, 295th District Court of Harris County, Texas, on this 3rd day of February 2025.

Respectfully submitted,

SNELL & WILMER, LLP
1 East Washington, Suite 2700
Phoenix, AZ 85004
602.382.6000
602.382.6070 (FAX)
wcrowson@swlaw.com

By: /s/ Walker F. Crowson
WALKER F. CROWSON
State Bar No. 24012480
S.D. Texas No. 26595
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following on February 3, 2025:

| | |
|---|---|
| Jeffrey Jackson | _____ First Class Mail |
| Jeffrey Jackson & Associates, PLLC | _____ Certified Mail/Return Receipt |
| 11767 Katy Fwy., Ste. 813 | _____ Hand Delivery |
| Houston, TX 77079 | _____ Facsimile |
| 713.861.8833 | _____ E-mail Correspondence |
| 713.682.8866 (FAX) | __X__ CM/ECF |
| jeff@jjacksonpllc.com | |

/s/ Walker F. Crowson
WALKER F. CROWSON

5